Angus Campbell, West Palm Beach, Fla., for plaintiff.

Irving Gennet, Boca Raton, Fla., Trustee.

**In re Morton I. GOLDSTEIN, Debtor.**

**PITTSBURGH NATIONAL BANK, Plaintiff,**

**v.**

**Morton I. GOLDSTEIN, Defendant.**

Bankruptcy No. 82–01244–BKC–TCB.

Adv. No. 82–0946–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 4, 1982.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks exception from discharge under 11 U.S.C. § 523(a)(2)(A) for its claim of $4,553 on a Visa account. The debtor has answered. The matter was tried on November 2.

The debtor's Visa account, opened in 1976, was never in default before April, 1982. The account had been completely inactive for at least two months before mid-February. During February, the debtor charged $863 in six transactions. During March, he charged $252 in three transactions. During April, he charged $1,460 in 28 transactions. And in May, he charged $1,864 in 53 transactions. His credit limit of $1,500 was exceeded by mid-April. He admitted he knew he had exceeded this limit. The account was closed after the May charges.

The debtor made no payments for any of these charges and he filed for bankruptcy on June 30. At that time, he listed debts of $75,688 and assets of but $90. He reported that he had been a private investigator, but had no income during either 1980 or 1981. He has had no work and no income in 1982. He is presently unemployed.

■ A debt for obtaining credit by false pretenses or false representations is excepted from discharge under § 523(a)(2)(A). It is well-settled that the purchase of goods on credit by a debtor who does not intend to pay constitutes false representation. Plaintiff need not prove an overt misrepresentation. 3 *Collier on Bankruptcy* (15th ed.) § 523.08[4] n. 19. Although it is plaintiff's burden to prove that the debtor had an actual intent to defraud, proof of that intent may be inferred from the circumstances. There are a number of reported decisions reaching this conclusion from the pattern of use of credit cards of which the following is typical. *In re Vegh*, Bkrtcy.S. D.Fla.1981, 14 B.R. 345 (and cases cited therein).

■ The debtor is 57. He had lost all his property to his ex-wife in divorce proceedings some years ago. Since 1980 he has had five spinal disc operations making it difficult, and at times, impossible for him to work. His explanation for the use of this account on the eve of bankruptcy is that in February he felt well enough to try to re-establish his business. To do so he needed money from an investor. He says that all, or nearly all charges were for food, liquor, travel or Polaroid film used in an effort to persuade several investors to finance his plans during several months' negotiations he conducted before his proposals were finally rejected on June 21.

The debtor's explanation is not plausible. Almost all the charges he made during his pre-petition charging spree were for amounts under $50, the point at which Visa (and others) expects the merchant to verify the account status. Though the debtor denies that he knew of this threshold, I cannot believe him. In many instances, the debtor made multiple charges the same day and often in the same store, all approaching, but not quite reaching $50. A few such instances may be explained by the need to go from one department in a store to another, the explanation he now offers. This explanation is inadequate for the repeated pattern present here.

It is, of course, commendable that the debtor made an attempt to reestablish his business. I do not believe that all or even most of these charges were for that purpose. Even if they were, that purpose does not persuade me that he really believed he would suddenly have the means to pay these charges.

I find that the debtor owes the plaintiff $4,553 and that the debt was incurred by the debtor's false pretenses or false representations in that he had no intention or ability to repay this debt when it was incurred.

As is required by B.R. 921(a), a separate judgment will be entered for plaintiff against the defendant for $4,553 and excepting that claim from discharge under § 523(a)(2)(A). Costs will be taxed on motion.